UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEONTAE WILSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-05695 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| ROBERT WILKIE, as Secretary, United States Department of Veteran Affairs, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deontae Wilson brings this action against her employer, the United States Department of Veteran Affairs (the "Agency"), alleging violations of the Rehabilitation Act and the Privacy Act. She contends the Agency accessed her confidential medical records and disseminated information without her authorization, and later retaliation against her [1]. The Agency now moves for summary judgment on all claims [35]. For the reasons below, the Court denies the Agency's motion for summary judgment.

**Background**

*A. Wilson's Employment with the Agency*

Wilson began working for the Hines VA Medical Center in November 2015 as a medical support assistant, GS-5, in the Patient Administration Service (PAS) call center. In October 2017, Wilson was promoted to a GS-6 advanced medical support position by Cristine Mabrito, an assistant chief of PAS. Sonia Faulk was Wilson's supervisor in her GS-6 advanced medical support position for a single day at the end of October 2017. On this day, Faulk allegedly disclosed Wilson's private medical information. Wilson complained about Faulk's conduct to Mabrito, who apologized for

1

Faulk's alleged behavior. VA management changed Wilson's supervisor from Faulk to Penelope Armstrong one day later.

The Agency investigated Faulk's disclosure of Wilson's private medical information and proposed a 7-day suspension for Faulk. In the proposed suspension, the Agency alleged:

> On October 30, 2017 following your verbal altercation with Ms. Deontae Wilson when Ms. Wilson left the room you began to discuss Ms. Wilson's medical condition in front of Mrs. Shrise Blair PAS Administrator Officer and Mrs. Penelope Armstrong PAS Supervisor claiming that the information was common knowledge. Both of those employees informed you that they were not aware of Ms. Wilson's condition and stopped you from discussing the information any further. Discussing your subordinates medical condition in front employees is inappropriate and will not be tolerated.

Ultimately, the allegations in the proposed suspension were sustained, and Faulk was suspended for improperly revealing Wilson's medical information.

B. *Wilson's Administrative EEO Claims*

On November 19, 2018, Wilson contacted a VA Equal Employment Opportunity ("EEO") counselor. Wilson complained to the VA EEO counselor that she was being harassed due to a disability. As part of this complaint, Wilson claimed that on December 27, 2018, she confirmed, via a Sensitive Patient Access Report ("SPAR") she requested from the VA Hines privacy office, that her medical record had been accessed by varied staff as well as a relative of Mabrito. During the EEO investigation, the Agency claimed that VA staff were authorized to access Wilson's VA medical file in order to schedule her appointments and complete her care. During her deposition, Wilson testified during her deposition that VA supervisors would have been allowed access to her medical record file in order to coordinate her work schedule with her medical appointments at VAMC.

On June 26, 2020, the VA's office of employment discrimination adjudication issued a final decision finding that there was no evidence of discriminatory animus in any disclosure of Wilson's medical information since VA staff were authorized to access that information in

order to treat Wilson and schedule her appointments at any Veteran's Affairs medical center ("VAMC").

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367 (7th Cir. 2019). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Wilson's complaint alleged that the Agency violated the Rehabilitation Act, 29 U.S.C. § 791 et seq. and the Privacy Act, 5 U.S.C. § 552a et seq when her VA medical records had been accessed and disclosed by Faulk and other employees without her authorization. Count I is a claim for disclosure of confidential medical information in violation of the Rehabilitation Act. Count II asserts violations of the Privacy Act. Count III raises retaliation under the Rehabilitation Act. We address each in turn.

*Count I - Rehabilitation Act*

Under the Rehabilitation Act, an employer must treat any "information obtained regarding [an employee's] medical condition or history ... as a confidential medical record, except that ...

3

supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations." 42 U.S.C. § 12112(d)(4)(C) (incorporating 42 U.S.C. § 12112(d)(3)(B)(i)); *see* 29 U.S.C. § 791(f). To succeed on a Rehabilitation Act claim, a plaintiff must show that the defendant (1) "obtained [the plaintiff's] medical information through employment-related medical examinations and inquiries"; (2) did not treat that information as confidential; and (3) caused the plaintiff to "suffer a tangible injury as a result of the disclosure." *Foos v. Taghleef Indus., Inc.*, 132 F. Supp. 3d 1034, 1050 (S.D. Ind. 2015); *E.E.O.C. v. Thrivent Fin. for Lutherans*, 700 F.3d 1044, 1048 (7th Cir. 2012).

Here, the Agency argues that Wilson cannot satisfy the first element. The Agency claims there is no evidence that Wilson's medical information was obtained through employment-related medical examinations and inquiries because Wilson alleges that her VA medical records were unrelated to her employment. Wilson's specific allegation, however, is that the Agency accessed and reviewed Wilson's medical records as part of a job-related medical inquiry. According to Wilson, the Agency's dual capacity as an employer and medical provider means that any inquiries into her medical conditions therefore qualified as job-related medical inquiries under the Rehabilitation Act.

The Court disagrees with the Agency. The Agency has a dual status as an employer and medical provider. It is undisputed that the Agency obtained Wilson's medical records because of her status as a patient. The record also shows that Wilson's SPAR was accessed by Agency employees, and the Agency was unable to determine the validity of the employees' right to access the information. Further, it is undisputed that Wilson testified during her deposition that VA supervisors would have been allowed access to her medical record file in order to coordinate her work schedule with her medical appointments at VAMC. These facts raise a genuine dispute as to whether the Agency obtained Wilson's medical information through employment related inquires.

Next, the Agency argues that Wilson cannot satisfy the third element because she has failed to present any evidence that she suffered a tangible injury as a result of the disclosure. Wilson argues that she has suffered emotional pain and mental anguish. The Agency claims that emotional pain is insufficient to show entitlement for damages for a Rehabilitation Act violation.

The Court disagrees. The Seventh Circuit has found plaintiffs must show at least show some tangible injury-in-fact caused by the Rehabilitation Act violation. *O'Neal v. City of New Albany*, 293 F.3d 998, 1007 (7th Cir. 2002). District courts in this circuit have clarified that emotional harm can be sufficient for the purposes of the Rehabilitation Act. *See Snyder v. BNSF Ry. Co.*, No. 4:17-CV-04263-JEH, 2019 WL 4738259, at *4 (C.D. Ill. Sept. 28, 2019) (" 'Bare allegations of mental/emotional distress, mental anguish, stress, and inconvenience' … requires 'evidence as to the actual existence of such harms.' "); *Brown v. McDonough*, No. 120CV01154JPHMJD, 2021 WL 1758902, at *2 (S.D. Ind. May 3, 2021). Here, Wilson testified as to the physical effects of her emotional harm and mental anguish. Accordingly, the Court finds that Wilson has presented sufficient evidence to raise this issue before a jury. Thus, summary judgment as to Wilson's Rehabilitation Act claims is denied.

*Count II - Privacy Act*

As an initial matter, the Agency asserts that Wilson's Privacy Act claims are barred under the Civil Service Reform Act ("CSRA"). The CSRA created a comprehensive system of procedural protections for civil service employees faced with adverse personnel actions, preempting the field and superseding administrative and judicial avenues for appeals of adverse actions to the district courts. *See Fausto v. United States,* 484 U.S. 439, 444–45, 108 S.Ct. 668, 671–72, 98 L.Ed.2d 830 (1988). The statute envisions a uniform system of appeals. An employee who wishes to complain of an adverse personnel decision must first appeal to the Merit Systems Protection Board ("MSPB"). 5 U.S.C. §§ 7513(d), 7701(a).

5

The Agency argues that because Wilson's Privacy Act claims allege a prohibited personnel practice under the CSRA, her recourse is to pursue her remedies before the MSPB. However, the Agency does not identify the prohibited personnel practice contained within the CSRA that encompasses Wilson's claims under the Privacy Act. The CSRA's exhaustive list of prohibited personnel practices does not contain a prohibited personnel practice for a federal agency's improper disclosure of its employee's confidential medical information. See 5 U.S.C. §2302(b)(1)-(14). The Agency's reliance on *Yu v. U.S. Department of Veterans Affairs*, 528 F. App'x 181 (3rd Cir. 2013) is misplaced as the case, unlike here, involved provisions explicitly outlined in the CSRA. *See* 5 U.S.C. § 2302(a)(2)(A). The Court also unpersuaded by the decisions in *Kleiman v. Department of Energy*, 956 F.2d 335 (D.C. Cir. 1992) and *McMillan v. Garland*, 2021 WL 5850884 (D. Ariz. Dec. 9, 2021) as the decisions do not identify the prohibited personnel practices outlined in the CSRA. Thus, the Court finds that Wilson's Privacy Act claim is not barred.

The key elements of a cause of action under the Privacy Act are: (1) agency disclosure (by any means of communication); (2) to an individual or another agency; (3) of a "record" contained in a "system of records"; (4) which is unauthorized by the individual; (5) not within an exception; (6) has an adverse effect on the individual, which requires (i) an adverse standing component and (ii) a casual nexus between the disclosure and the adverse effect; and (7) that the agency action be in a manner which was "intentional" or "willful." *See* 5 U.S.C. § 552a; *Carlson v. Gen. Servs. Admin.*, No. 04 C 7937, 2006 WL 3409150, at *3 (N.D. Ill. Nov. 21, 2006) (Leinenweber, J.) (citing *Quinn v. Stone,* 978 F.2d 126, 131 (3d Cir.1992)). The Privacy Act prohibits more than dissemination of records themselves, but also "nonconsensual disclosure of any information that has been retrieved from a protected record." *Carlson,* 2006 WL 3409150, at *3 (citing *Bartel v. F.A.A.,* 725 F.2d 1403, 1408 (D.C. Cir. 1984)).

The Agency's sole argument is that Plaintiff cannot show that the alleged violation was intentional or willful. Specifically, the Agency claims that the employees who were involved in accessing and disclosing Wilson's VA medical records reasonably believed that they were allowed to do so in order to schedule her appointments and complete her care because Wilson was a patient. However, when Sonia Faulk and Tiffany Alexander improperly accessed Wilson's medical records and intentionally discussed the contents of those confidential medical records with numerous Agency employees who had no need for Wilson's medical records in the performance of their duties, the Agency violated the Privacy Act. The Agency failed to response to this argument in their reply brief. It is undisputed that Faulk was suspended for improperly revealing Wilson's medical information. A reasonable jury could find Faulk's conduct to be willful and intentional. Therefore, there is a genuine dispute of a material fact regarding whether Faulk's conduct violated the Privacy Act. Thus, summary judgment as to Wilson's Privacy Act claims is denied.

*Count III - Rehabilitation Act Retaliation*

Finally, the Agency moves for summary judgment on Wilson' retaliation claims under the Rehabilitation Act. However, Wilson withdrew these claims in her response brief. Thus, the Court dismisses these claims as moot.

**Conclusion**

For these reasons, the Court denies Agency's motion for summary judgment on Counts I and II and dismisses Count III as moot.

IT IS SO ORDERED.

Date: 9/27/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge